# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| STATE OF DELAWARE, | ) | |
| | ) | |
| Respondent/Plaintiff, | ) | |
| | ) | |
| | ) | |
| v. | ) | Cr. ID. No.  89000046DI |
| | ) | |
| | ) | |
| | ) | |
| MICHAEL A. FELICIANO, | ) | |
| | ) | |
| Petitioner/Defendant. | ) | |

Submitted: March 9, 2018
Decided: June 8, 2018

## COMMISSIONER'S REPORT AND RECOMMENDATION ON DEFENDANT'S <u>SECOND</u> MOTION FOR POSTCONVICTION RELIEF

Michael A. Feliciano, JTV, 1181 Paddock Road, Smyrna, DE 19977.  Petitioner, *pro se*.

**MANNING**, Commissioner:

This 8th day of June 2018, upon consideration of petitioner Michael A. Feliciano's Motion for Postconviction Relief (hereinafter the "Motion"), I find and recommend the following:

## FACTS

According to the Affidavit of Probable Cause, Feliciano and his brother, Mark, lived with their parents at 6 Farnsworth Drive in Newark, Delaware. At the time of the offense in December 1988, their mother ran an unlicensed in-home daycare at that address. On December 23, 1988, the first victim, a three-year-old girl, spent the day at the daycare and was picked up by her mother at approximately 5:20 p.m. and taken home. Once home, the girl complained of pain when she went to the bathroom and her mother noticed that her vagina was bleeding. The girl was taken to a hospital where a doctor examined her and advised that there had been some type of intrusion into the girl's vagina and that there was evidence of tearing and contusions as well. Upon interview by the police, the girl recounted how "Mike" told her that they were going to play a game. She advised that Mike told her if she took her pants off he would give her a lollipop. After she took her pants off, Mike got on top of her and "hurt her." When asked where Mike "hurt her" the girl pointed to her vagina. Police subsequently located a shirt that Michael indicated belonged to him that had two small blood stains on the front shirt tail. Police showed the girl

1

pictures of Defendant and his brother Mark. The girl identified "Mike" as the one who hurt her and pointed to the picture of Defendant.

On December 31, 1988, a mother who had been using the same daycare for over a year took her seven-year-old daughter to the hospital because she suspected that she had been sexually assaulted. Police responded to the hospital and interviewed this second victim. This second girl recounted to police, in detail, how Mark Feliciano had sexually assaulted her on the night of December 22, 1988, when she had spent the night. She detailed how Mark had put his penis into her vagina and moved up and down and that it was very painful. She stated that this had happened to her several times while she stayed at the house and that Michael had also done this to her on several occasions. The second victim was unsure of the exact dates; however, her mother advised police that she had been taking her daughter to the daycare since November of 1987.

## PROCEDURAL HISTORY

Feliciano was indicted on February 4, 1989, for three counts of Unlawful Sexual Intercourse First Degree. On September 5, 1989, Feliciano pled guilty to one amended count of Unlawful Sexual Intercourse Second Degree. The remaining counts of the indictment were dropped in exchange. Feliciano was represented by counsel and was sentenced immediately to the statutorily mandated sentence of Life

2

in prison[1]. Feliciano did not appeal his conviction to the Delaware Supreme Court. In June of 2001, and again in 2007, Feliciano sought relief with the Board of Parole, however, his requests were denied.

Feliciano filed his first motion for postconviction relief pursuant to Superior Court Criminal Rule 61, *pro se*, on July 11, 2013.[2] The Court subsequently appointed Defendant counsel ("Rule 61 Counsel") for his *pro se* Rule 61 Motion. On August 4, 2014, Rule 61 Counsel filed a Non-Merit Brief and Motion to Withdraw as Counsel under Rule 61(e)(2). The State filed a Response on December 18, 2014.[3]

I issued a Report and Recommendation that Feliciano's first motion for postconviction relief should be denied. Receiving no objections, my Report was adopted by President Judge Jurden on July 29, 2015.[4] In the interim, Feliciano filed

---

[1] In 1989, parole eligible life sentences, for the purpose of determining parole eligibility only, the Parole Board is required to treat a life sentence as a fixed term of forty-five years. 11 Del. C. § 4346(c); Evans v. State, 872 A.2d 539, 554 (Del. 2005).

[2] It appears that Defendant may have filed a Rule 61 Motion on October 16, 1989, but it was rejected as Non-Compliant by the Court the next day. There is no evidence in the docket that Defendant subsequently re-filed his Motion until 2013.

[3] Trial Counsel, Edmund M. Hillis, passed away on December 24, 2013.

[4] D.I. # 30.

a motion for reduction of sentence that was also denied on April 14, 2016.[5] Feliciano subsequently filed the instant, and now second Motion, on March 5, 2018.[6] Based on my review of Feliciano's Motion, the Court's file, and the guilty plea and sentencing transcript, I did not order additional briefing or hold an evidentiary hearing.

In his Motion, Feliciano raises two grounds for postconviction relief, which I have summarized, as follows:

> Ground One: Ineffective Assistance of Counsel. Defense counsel was aware that his client had a diminished mental capacity as defined by the lawyer's rules of professional conduct section 1.14; that his mother was present to speak on his behalf as his guardian at sentencing; that counsel allowed defendant to sign a plea to life in prison without first obtaining a pre-sentence evaluation; that defendant had no prior criminal convictions prior to entering his guilty plea; and that counsel knowingly allowed defendant to falsely answer that he has never been a patient in a mental hospital.

> Ground Two: Due Process [violation]. Defendant believes that he was denied his due process due to his counsel not requesting a mental health evaluation or a pre-sentence evaluation and that counsel was informed by defendant's mother several times about his diminished mental capacity and that he has no criminal record.

Feliciano argues that "but for the errors presented [], were the attorney acting in his client's best interest or being loyal to him and his case he would

---

[5] D.I. # 33.

[6] The Motion was assigned to the undersigned commissioner on March 9, 2018.

not have let him sign a plea to life and that the facts and subsequent outcome of having a trial would have been different."[7]

## Legal Standard and Analysis

Feliciano's Motion is controlled by Rule 61. Before addressing the merits of a motion for postconviction relief under Rule 61, a reviewing court must first apply the procedural bars of Rule 61.[8]

Rule 61(i)(1) requires a motion for postconviction to be filed not more than one year from the date the judgment of conviction becomes final. In this case, Feliciano's Motion is untimely because it was not filed within one year of the date his conviction became final—October 5, 1989.[9]

Rule 61(i)(2) prohibits second or subsequent postconviction motions unless the motion satisfies subparagraphs (2)(i) or (2)(ii) of subdivision (d) of the Rule (i.e. the motion pleads with particularity that new evidence exists or that a new rule of constitutional law made retroactive applies to movant's case). The instant Motion is Feliciano's second motion for postconviction relief and neither of the exceptions

---

[7] D.I. #34, Motion at p. 4.

[8] *See Younger v. State*, 580 552, 553 (Del. 1990) (holding that the court will apply the rules governing procedural default before giving consideration to the merits of the underlying Rule 61 claims).

[9] Feliciano was sentenced on September 5, 1989, thus his conviction became final after the 30-day window for an appeal to the Delaware Supreme Court had passed.

under this subdivision has been presented or argued. The arguments that Feliciano does present are ones that could have been raised on direct appeal as legal error or in a previous timely filed Rule 61 motion. Any further postconviction motions should be summarily denied pursuant to Rule 61(d)(5) unless the specific pleading requirements of Rule 61(i)(2) are met.

### Conclusion

For the foregoing reasons, Feliciano's Motion should be DENIED.

**IT IS SO RECOMMENDED.**

Bradley V. Manning
Commissioner

oc:   Prothonotary
cc:   Petitioner via first class mail